### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | Case No: 5:14-CR-117-LSC-SGC |
| ) | |
| ) | |
| **MATTHEW DAVID AYERS** ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now, the Defendant, Matthew David Ayers, by and through counsel and submits this Sentencing Memorandum, with Sentence Recommendations, pursuant to 18 U.S.C § 3553(a)(2). Mr. Ayers submits that a 360 month sentence in Count 11 and a consecutive 180 month sentence in all remaining counts (for a total of 45 years) is "sufficient, but, not greater than necessary" to meet all sentencing mandates under the United Sates Code.

Mr. Ayers' Presentence Investigation Report correctly calculates his Offense Level as a 43, when combined with a criminal history category of I, produces a guideline offense level of life. However, the statutory maximum sentence allowed under the code is 30 years. The PSR cites U.S.S.G. § 5G1.2(b) and (d) which state, "if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed in one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." The sentence recommended by Probation in the PSR is far grater than the natural life of Mr. Ayers or any other person.

No version of the facts of this case, are supportive of leniency for Mr. Ayers. He has accepted responsibility for what he did to his stepdaughter. Further, he has repeatedly expressed not only remorse, but, disgust with his behavior. Mr. Ayers has stated to counsel numerous times that he can no longer relate to or comprehend what lead him to commit his crimes. Mr. Ayers

was lead into his crimes by his wife and co-defendant, Patricia Ayers. He does not blame her and is in no way pointing a finger at her to say it is all her fault. That would be inconstant with his acceptance of responsibility for his crimes and acknowledgment of his crimes. If Mr. Ayers is clear in one area, it is that he is responsible for his behavior and he is ready to except the consequences of his actions.

When fashioning a sentence for a defendant, the Court's "overarching" duty is to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." *Kimbrough v. United States,* 552 U.S. 85, 101 (2007). Courts are now allowed to disagree with the Guidelines, because, "the guidelines are now advisory." *Kimbrough,* 552 U.S. at 101-02.Courts are now allowed to disagree with the Guidelines based solely on policy considerations. *Kimbrough,* (citing *Rita v. United States,* 551 U.S. 338, 351 (2007)(stating that Courts may find the "guidelines sentence itself fails properly to reflect § 3553(a) considerations).

The United States Attorney's office in its Sentencing Memorandum cites several cases supporting the conclusion that a 750 year sentence for the Defendant would be consistent with other defendants sentenced in the Northern District of Alabama. However, those cases are not an exhaustive review of all similar cases in the Northern District. In *United States v. Dean*, the Eleventh Circuit confirmed the reasonableness of a 30 year statutory maximum sentence wherein the defendant was convicted of sexually abusing his stepdaughter for more than fifteen years and filming the abuse to produce child pornography. 635 F.3d 1200, 1212 (11th Cir. 2011). See *United States v. Irey,* 612 F.3d 1160, 1166 (11th Cir. 2010)(where the court vacated a 210 month sentence and remanded with instructions to impose a sentence of 360 months on a defendant who raped, sodomized and sexually tortured more than fifty girls, some as young as four years of age over a four to five year period). *See also United States v. Kapordelis,* 569 F.3d 1291, 1319 (11th Cir.

2009)(wherein the Eleventh Circuit affirmed a month sentence for possessing, receiving, and producing child pornography). The fact of these cases are arguably far worse than that of Mr. Ayers and the sentences imposed in these cases, despite being completely sufficient to ensure that the defendants were never released into society again while not being greater than reasonably necessary to accomplish that goal. A sentence of 750 years for Mr. Ayers is arbitrary and is nothing more than an emotional response to his crimes. Further a 750 year sentence would, aside from garnering headlines, do nothing more than in terms of just punishment than a 45 years.

## CONCLUSION

Mr. Ayers is 43 year old in poor health. His numerous medical issues are more fully set out in his PSR. A thirty year sentence in Count 11, followed by a consecutive sentence of fifteen years for count 13, with all other counts receiving a fifteen year sentence to run concurrently with count 13, would effectively sentence Mr. Ayers to a life sentence and is "sufficient, but, not greater than necessary," to serve sentencing purposes under 18 U.S.C. 3553(a).

Respectfully submitted, this 21th day of October, 2014.

/s/ W. Scott Brower
W. Scott Brower
Asb-1249-w79w

OF COUNSEL:
Brower Law Office
P.O. Box 130249
Birmingham, Alabama 35213
(205) 458-9889

**CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system and have sent notification to the correct parties.

/s/ W. Scott Brower
OF COUNSEL